This is a child support case.
The parties were divorced in 1974 and the mother was awarded custody of the parties' minor child. On February 12, 1991 the mother filed a petition to modify the divorce decree, asking that the trial court require the father to pay for the child's college education.
The father filed a motion for summary judgment and a supporting affidavit. The mother filed a counteraffidavit. After consideration of the pleadings and affidavits, the trial court granted the motion for summary judgment. The mother appeals.
The issue before us is whether the father may be required to pay for the child's college education under the law established *Page 1376 
in Ex parte Bayliss, 550 So.2d 986 (Ala. 1989).
In Bayliss, the Alabama Supreme Court held that a trial court may require child support from either or both parents for the postminority education of a child, when application for such support is made "before the child attains the age of majority." (Emphasis added.)
Here, it is stipulated that the child was born at 4:30 p.m. on February 12, 1972. The petition for modification was filed on February 12, 1991, the child's 19th birthday. The court thus found that the application for support was untimely and granted the father's motion for summary judgment.
The mother argues that there is no case law in Alabama to specify that a child's 19th birthday marks the age of majority. In essence, the mother asks this court to hold that the time for filing a petition under Bayliss should be extended by one day, to include the child's 19th birthday.
Section 26-1-1(a), Code 1975, provides that a child receives the same legal rights and abilities as an adult "at the arrival at the age of 19 years." Webster defines "birthday" as "the anniversary of one's birth" and "a year of life." Webster's Collegiate Dictionary (7th ed. 1976). On the 19th anniversary of her birth, a year has passed from the time that the child was 18. The child then arrives at the age of 19 and is an adult for the purposes of § 26-1-1(a).
Our supreme court has specifically held that a petition for modification under Bayliss may not properly be filed after the child arrives at the age of 19. There is absolutely nothing inBayliss, or its progeny, to recommend that the time frame be extended. We therefore hold that the petition in this case was untimely filed and the father was entitled to a judgment as a matter of law. The summary judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.